UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIO CORDERIO MAYS,

        Plaintiff,                          Case No. 22-11048

v.                                                  HON. MARK A. GOLDSMITH

LAPEER COUNTY JAIL, et al.,

        Defendants.

_____/

## OPINION & ORDER DISMISSING CASE WITHOUT PREJUDICE

Plaintiff Mario Corderio Mays filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 against Defendants Lapeer County Jail and CPL Balmer, asserting that Balmer struck him with a laundry cart. Compl. (Dkt. 1). Mays also filed with a defective application to proceed without prepayment of the filing fee. Application (Dkt. 2). Mays was confined at the Lapeer County Jail when he signed the complaint on May 5, 2022 and signed the application on May 3, 2022. Compl., Application. On May 18, 2022, the Court issued a notice regarding the parties' responsibility to notify the Court of address changes (Dkt. 3) and an order informing Mays that he failed to file the required papers to proceed without prepayment of the filing fee and directing him to correct this deficiency within 30 days, or his case would be dismissed for want of prosecution. The Court's mailings, however, were returned as undeliverable (Dkts. 5, 6). Plaintiff has not contacted the Court or provided updated contact information since he instituted this action, and the Court has no known address for him.

Rule 11.2 of the Local Rules of the Eastern District of Michigan authorizes the Court to dismiss a case based upon a party's failure to keep the court apprised of address changes and

updated contact information. The rule states:

> Every attorney and every party not represented by an attorney must include his or her contact information consisting of his or her address, e-mail address, and telephone number on the first paper that person files in a case. If there is a change in the contact information, that person promptly must file and serve a notice with the new contact information. The failure to file promptly current contact information may subject that person or party to appropriate sanctions, which may include dismissal, default judgment, and costs.

E.D. Mich. L.R. 11.2. Pro se litigants have the same obligation as an attorney to notify the court of a change of address. Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988). "[Petitioner] has the duty to inform the court of any address changes, and it is not incumbent upon this Court or its staff to keep track of Petitioner's current address." Thompkins v. Metrish, No. 2:07-CV-12, 2009 WL 2595604, at *1 n. 1 (W.D. Mich. Aug. 20, 2009) (punctuation modified).

Additionally, Federal Rule of Civil Procedure 41(b) authorizes a federal court to dismiss a case "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). And Rule 41.2 of the Local Rules of the Eastern District of Michigan authorizes the Court to dismiss a case "when it appears that . . . the parties have taken no action for a reasonable time." E.D. Mich. L.R. 41.2. The Court may thus dismiss a civil action for failure to prosecute pursuant to those rules. See Mulbah v. Detroit Bd. of Ed., 261 F.3d 586, 589 (6th Cir. 2001) (citing Link v. Wabash R.R. Co., 370 U.S. 626 (1962)).

Since the filing of this case, all of the Court's notices and orders issued to Plaintiff have been returned as undeliverable. Plaintiff has a duty to provide the Court with his current address or risk dismissal of his case. Watsy v. Richards, 816 F.2d 683 (1987). Plaintiff has likely been released from the Lapeer County Jail or transferred to another facility, but he has not provided the Court with updated contact information. He has thus failed to comply with Local Rule 11.2 and

2

the Court's notice. The Court has no way to contact him. The Court will therefore dismiss this case without prejudice for want of prosecution. See, e.g., White v. City of Grand Rapids, 34 F. App'x 210, 211 (6th Cir. 2002) (affirming dismissal of complaint for want of prosecution based upon failure to provide current address); Harkleroad v. Astrue, No. 4:03-CV-15, 2011 WL 3627161, at *3 (N.D. Ohio Aug. 17, 2011) ("Indeed, dismissal for failure to prosecute may be appropriate when a pro se plaintiff fails to keep the court apprised of her current address."); Brown v. White, No. 2:09-CV-12902, 2010 WL 1780954, at *1 (E.D. Mich. Apr. 30, 2010) (dismissing habeas case based upon failure to provide current contact information and failure to exhaust state-court remedies).

Based upon the foregoing, the Court concludes that Plaintiff has failed to comply with the Court's rules and orders and has not updated his contact information. Accordingly, the Court dismisses without prejudice the civil rights complaint for want of prosecution. The Court also concludes that an appeal cannot be taken in good faith. 28 U.S.C. § 1915(a)(3); Coppedge v. United States, 369 U.S. 438, 445 (1962). This case is closed.

SO ORDERED.

Dated: June 29, 2022              s/Mark A. Goldsmith
       Detroit, Michigan          MARK A. GOLDSMITH
                                  United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 29, 2022.

                                  s/Karri Sandusky
                                  Case Manager